Jesús M. Rossy, Plaintiff and Appellee, *v.* Rafael del Valle Zeno, Defendant and Appellant.

No. 3849. Argued January 17, 1927.—Decided February 2, 1927.

*Manuel Rodríguez Serra* for the appellant. *Acuña & Janer* and *Luis Llorens Torres* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The appeal in this case, which had been dismissed by a ruling of February 15, 1926, was reinstated by one of January 12, 1927, made by virtue of a certain mandamus proceeding before the Circuit Court of Appeals for the First Circuit.

At this stage the appellee filed a motion to strike from the record the transcript of the evidence. Both parties were heard on that motion on the 17th of January, 1927.

The motion to strike is based on the fact that as the appeal was filed on the 4th of January, 1926, and on the 5th of January the trial court directed the stenographer to prepare the transcript of the evidence, the time allowed the stenographer by section 13 of the Unlawful Detainer Act expired on the 9th of that month. Therefore the appellee contends that when on the 18th of January, 1926, the court

sustained the appellant's motion that the stenographer be given an extension of thirty days for preparing the transcript, he asked for something to which he was not entitled and the court granted him something that it had no power to grant.

The record shows that the notice of appeal was filed on the 4th of January, 1926. On the following day the appellant filed a motion stating that he wished to use the transcript of the evidence in accordance with sections 1 and 2 of Act No. 27 of 1917, and to that effect he prayed the court to direct the stenographer to prepare the transcript. On the same day the court ordered the stenographer to proceed ''to prepare the transcript of the evidence in accordance with section first of Act No. 27 of November 27, 1917.''

On the 18th of January, 1926, appellant asked for an extension of thirty days and it was granted. On the 23rd of February another extension of thirty days was requested and granted. On the 13th of March another extension of thirty days was asked for and granted. On the 13th of April another extension of thirty days was requested and granted. On the 4th of May another extension of thirty days was requested and granted, within which the transcript was filed and the judge finally approved it on the 31st of August, 1926.

The whole question to be considered and decided hinges on whether or not the case is exclusively governed by section 13 of the Unlawful Detainer Act, or whether or not Act No. 27 of 1917 is applicable.

Section 13 of the Unlawful Detainer Act reads as follows:

''The appeal having been interposed in proper form, the secretaries of the courts and the stenographers, as the case may be, shall perform such duties as may be imposed upon them with respect thereto, within a period of five days computed from the date of the filing of the notice of appeal.''

The Act of which it is a part was approved in 1905. At that time the manner of preparing appeals to the Supreme

Court was that of the statement of the case, copies certified by the attorneys or by the secretary of the judgment roll, of the evidence, or of the bill of exceptions prepared in accordance with the Code of Civil Procedure and with American precedents.

The new method of the stenographic transcript as a complete document to be submitted to the approval of the trial judge so as to constitute, if approved, the record of the appeal, did not become effective until 1917. In the case of *Rodríguez* v. *P. R. Ry. Light & Power Company*, 30 P.R.R. 869, this court said: "Our examination of Act No. 27 convinces us that it was a new and independent way of incorporating the evidence, . . . ."

The two rules, that of the Unlawful Detainer Act of 1905 and that of Act No. 27 of 1917, refer therefore to different situations, are governed by different criterions, and do not require of the stenographer the same action.

By section 13 the Legislature, in harmony with the spirit of expedition which inspired the whole Unlawful Detainer Act, imposed on the secretaries and stenographers, in cases where appeals are properly taken, the duty of performing the tasks incumbent upon them within the fixed period of five days from the date of the filing of the notice of appeal.

No action of a party or order of the court is required. It is a duty directly imposed on the said officers. That provision is at present in full force and should be obeyed and complied with faithfully.

What is that duty of the stenographer? Undoubtedly to translate his notes into current legible words and to place the transcript at the disposal of the appellant so that he may prepare the statement of the case. His work forms the basis for the statement. The legislators had in mind the existence of the statement of the case as something subsequently necessary within the system of civil procedure enacted by them in the previous year. This is clearly

inferred from section 14 of the Unlawful Detainer Act, as follows:

"The appeals shall be heard and determined in accordance with the Code of Civil Procedure, and in no case 'shall more copies be required than those expressly provided for in said code; *Provided,*. That precedence may be given in the hearing and determination of such appeal."

And if later the legislators conceived and enacted another method of filing the record in the appellate court to govern concurrently with the old one, at the election of the appellant,. in all civil cases, what other conclusion can be reached than that jointly reached by the appellant and the trial court in. this case; namely, that the new method, as the old one,. was applicable to cases of unlawful detainer?

We think that the situation was completely cleared by the decision of this court in the case of *Curbello* v. *Rodríguez,*. 32 P.R.R. 427, where after quoting sections 13 and 14 of the· Unlawful Detainer Act the court said:

"According to that law, when the appeal has been taken within. five days from the date of the judgment and the rent due has been deposited or security has been given, as the case may be, within the. said five days, the appeal shall be prosecuted in accordance with the provisions of the Code of Civil Procedure governing appeals,. which are applicable to appeals taken in actions of unlawful detainer, and for this reason the time allowed the appellant for preparing the· statement of the case was ten days, subject to extension, according to section 299 of the said Code as amended by Act No. 81 of June 26, 1919, for section 13 of the Unlawful Detainer Act can not be construed, as was done by the appellee and the trial court, to mean· that the statement of the case must be filed within a fixed and immovable period of five days because of the fact that, the secretaries of` the courts and the stenographers, as the case may be, are required· to perform such duties as may be imposed upon them within a period· of five days after the appeal has been taken. That provision is merely directory for the said officials and does not fix the time for filing the· statement of the case or the transcript of the evidence prepared by the stenographer when that method of perfecting the appeal is elected.

under Act No. 27 of November 27, 1917. Therefore, this ground for dismissal is without merit."

The appellee contends that though the opinion quoted from sets up jurisprudence as regards the statement of the case, it is mere *obiter dictum* as to the transcripts prepared by the stenographer, because that case bears on the former and not on the latter. In support of this contention he also alleges that when this court later passed on the same question in the case of *Honoré* v. *Vargas*, 33 P.R.R. 798, no reference was made to the stenographic transcripts.

The jurisprudence established in the *Honoré Case, supra,* is as follows:

"As the statement of the case need not be filed within five days after taking the appeal, but within ten days, in accordance with the Code of Civil Procedure, the trial court had authority to grant the extension asked for six days after the appeal was taken."

It is true that the *Curbello* and *Honoré Cases* did not refer to stenographic transcripts, but to statements of the case; yet the reasoning is the same.

If section 13 did not govern the fixing of the time within which to file statements of the case and the granting of extensions, but what governed was the general provision regulating the filing of statements of the case in all civil actions and matters, it is evident that the regulation of the filing of the stenographic transcripts which substitute the statements of the case is not governed by section 13, but by the general provision regulating the presentation of said transcripts contained in Act No. 27 of 1917.

And this being so, the application for extension on the 18th of January was made within time, because as no time limit was given to the stenographer in the order of the court of January 5, the period was twenty days, in conformity with the express provision of section 2 of Act No. 27 of 1917.

The other case cited by appellee, *Aurora, Sociedad Agrícola,* v. *Barroso,* a *per curiam* decision of January 13, 1926,

though supporting his contention, is not decisive because the appeal was not dismissed. The fact that an extension was applied for within the term of five days established by section 13 of the Unlawful Detainer Act and that the period of five days was understood to have been extended to twenty by the order of the court granting the extension, was another favorable circumstance which led the court to the said conclusion.

Summing up then, we will say that the opinion of this court was expressed in the cited cases of Curbello and Honoré, and that this criterion is also applicable to a stenographic transcript prepared in accordance with Act No. 27 of 1917, because the juridical situations are the same.

In respect to the election of the interested party in this case, no doubt whatever exists. It expressly appears from the record.

By virtue of the foregoing the motion to strike from the record the stenographic transcript must be overruled.